UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KARMA POWER, LLC, a Delaware corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>HTP, INC., f/k/a HYTECH POWER, INC. f/k/a DEEC, INC. a Washington Corporation; EVAN JOHNSON, an individual; PHILLIP JENNINGS, an individual; and HENRY DEAN, an individual;<br><br>                Defendants. | CASE NO. **20-cv-677**<br><br>NOTICE OF REMOVAL<br><br>King County Superior Court Case No. 20-2-05855-6 SEA<br><br>✓**Clerk's Action Required** |

TO:   UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

Defendants HTP, Inc., Evan Johnson, Phillip Jennings, and Henry Dean (collectively, the "HTP defendants") hereby remove this action from the Superior Court of the State of Washington, King County to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1338, 1441, 1446 and 1454. In support of this

NOTICE OF REMOVAL - 1
(USDC Case No.     )
USDC Case No. 20-cv-677
7095203.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Notice of Removal, the HTP defendants provide the following short and plain statement of the grounds for removal.

## I. PROCEDURAL BACKGROUND

1. Karma filed its complaint against the HTP defendants in the Superior Court of the State of Washington, King County on March 6, 2020, under Cause No. 20-2-05855-6 SEA. A true and correct copy of the complaint is being attached in conjunction with this Notice, along with all other docketed pleadings hereto.

2. The HTP defendants were served with a copy of the Summons and Complaint on March 7, 2020. True and correct copies of the service of Summons and Complaint on each defendant is being attached in conjunction with this Notice, along with all other docketed pleadings.

3. The complaint asserts three causes of action: conversion, violation of the Washington Trade Secret Act, and unjust enrichment. Specifically, the complaint alleges that non-party Hybris holds rights to certain hydrogen intellectual property ("Hydrogen IP") developed by defendant Evan Johnson. (¶ 9.) Allegedly, Hybris assigned these rights to non-party Generation H2O (¶ 12), which developed the Hydrogen IP to include inventions to use hydrogen fuel or mixed hydrogen fuel in a Ford Raptor™ pickup truck (¶ 13). The complaint further alleges that in 2015, Generation H2O sold the hydrogen equipment embodying the Hydrogen IP along with the Ford Raptor™ to non-party Ebtec. (¶ 12). Subsequently, Ebtec assigned its rights to Karma. (¶ 16.) The complaint asserts that the HTP defendants are misappropriating this intellectual property despite not having any rights to it. (¶¶ 14-15).

4. One extremely significant fact has been omitted from the Complaint and that one fact makes patent law the overarching character of this case. HTP has filed thirteen patent

applications on its own behalf and, additionally, has purchased an issued patent from Plasma Drive, Inc.:

| Title | Application No. | Assignee | Status |
|---|---|---|---|
| Oxygen-Rich Plasma Generators for Boosting Internal Combustion Engines | Purchased by HTP | Plasma Drive, Inc. | Patent No. 9,267,428 |
| Method of Generating & Distributing a Second Fuel for an Internal Combustion Engine | 15/451266 | HyTech Power, Inc. | Patented as 10,605,162 |
| Systems for HHO Gas Second Fuel Distribution and Control | 16/031827 | HyTech Power, Inc. | Pending |
| Electrolysis System Having In Situ HHO Storage | 16/031843 | HyTech Power, Inc. | Pending |
| Onboard Graphene Electrolysis System | 16/031856 | HyTech Power, Inc. | Pending |
| Ultra Low HHO Injection | 16/056062 | HyTech Power, LLC | Pending |
| HHO Assisted Diesel Particulate Filter | 16/101035 | HyTech Power, LLC | Pending |
| HHO Gas Distribution System | 16/101063 | HyTech Power, LLC | Pending |
| HHO Precision Injection System | 16/101084 | HyTech Power, LLC | Pending |
| A Distributed HHO Precision Injection System | 16/101137 | HyTech Power, LLC | Pending |
| Onboard HHO Gas Generation System for Heavy Duty Trucks | 16/101156 | HyTech Power, LLC | Notice of Allowance Mailed |
| Explosion Safe Electrolysis Unit | 16/101178 | HyTech Power, LLC | Patented as 10,619,562 |
| Temperature Control for HHO Gas Injection | 16/101207 | HyTech Power, LLC | Patented as 10,494,992 |
| Rollover Safe Electrolysis Unit for Vehicles | 16/101223 | HyTech Power, LLC | Pending |

## II. PROCEDURAL POSTURE OF INSTANT CASE

5.      Pursuant to 28 U.S.C. 1446(a), true and correct copies of the State Court Docket and all process, pleadings, and orders served upon the HTP defendants are attached hereto in

NOTICE OF REMOVAL - 3
(USDC Case No.     )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1  conjunction with the filing of this Notice, respectively.

2        6.      Under 28 U.S.C. 1446(d), the HTP defendants are filing written notice of this removal with the Superior Court of the State of Washington for King County concurrently with the filing of this Notice, and will serve that notice on the Plaintiff, Karma.

### III.  WHY THIS MATTER BELONGS IN FEDERAL COURT

7.      The complaint alleges causes of action under state law, though it was not apparent on the face of the complaint that the allegations give rise to a counterclaim arising under federal law. However, the complaint was cleverly drafted to avoid asserting the one fact that implicates federal patent law. In fact, the complaint only mentions the term "patent" once and then, only, then only to assert the Mr. Johnson assigned ownership of all patents developed by while working for Hybris pursuant to execution of the Associate Agreement. (¶ 9.) At no point does the Complaint assert the existence of any patents. As drafted, on the face of the Complaint, the four counts are within the original jurisdiction of the Superior Court of King County.

8.      However, the term "Hydrogen IP" is never defined but, by implication, includes all technology that Generation H2O (¶ 12) developed in cooperation with AJ Automotive Group in Michigan. (¶ 11) Generation H20 caused AJ Automotive Group to develop the "Hydrogen IP" and thereby to develop and install equipment for using hydrogen to fuel a Ford Raptor™ pickup truck (¶ 11). Karma further asserts "Defendants do not have any rights to the Hydrogen IP or the equipment installed in the Ford Raptor." (¶ 14). But alleging the sale of the equipment that makes up Hydrogen IP (¶ 9), implicates 35 U.S.C. § 102, the "anticipation" chapter of the Patent Act.

NOTICE OF REMOVAL - 4
(USDC Case No.     )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

9. Also, since Karma claims that it owns the rights to the Hydrogen IP, it is effectually claiming that Mr. Johnson is not the inventor of several or all of HTP patent applications, which if true, mean that all of the HTP patent applications would be ruled invalid in any assertion of the resulting patents. 35 U.S.C. § 256. Any forum reviewing the patents would invalidate each of the HTP patent applications pursuant to a violation of the duty of candor set forth in 37 C.F.R. § 1.56. Therefore, HTP, Inc. and Mr. Johnson necessarily have an inventorship counterclaim against Karma pursuant to 35 U.S.C. § 256.

10. In its counterclaim, HTP, Inc. and Mr. Johnson seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 256 seeking a declaration that Mr. Johnson was properly named as an inventor of the HTP patent applications as that term is used under 35 U.S.C. §§ 111, 116. Further, the defendants seek a declaration that Karma is not entitled to any correction of inventorship correction under 35 U.S.C. § 256. Jurisdiction for addressing any claims of inventorship resides in the federal courts. 28 U.S.C. § 1338 (a):

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights. For purposes of this subsection, the term "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, American Samoa, Guam, and the Northern Mariana Islands.

11. As applicant officers and as the named inventor in each of the HTP patent applications as specified by 37 CFR 1.56, the HTP defendants each have a duty of candor and any violation of this duty provides a basis for invalidating HTP's entire patent portfolio.

NOTICE OF REMOVAL - 5
(USDC Case No.    )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Additionally, an applicant is not entitled to a patent if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1) (2015). Karma alleges that Mr. Eystein Borgen purchased, on behalf of his company Ebtec, the Hydrogen IP and, most importantly, the equipment embodying the Hydrogen IP as was installed on the Ford Raptor pickup in 2015. (¶ 12). 2015 is more than one year prior to the filing of the HTP patent applications. If any part of the Hydrogen IP is contained in any one of the HTP patent applications, the sale would invalidate any HTP, to the extent that such an HTP patent application is invalid to the extent that HTP application contains the Hydrogen IP.

12.  Additionally, apart from the possibility of invalidating the whole of the HTP Patent Applications under 35 U.S.C. § 102, an alternate independent possible basis for invalidation of the whole of the portfolio based upon the same duty of set forth in 37 C.F.R. § 1.56 that also requires truthful reporting of all material facts and, thus, to report the sale to Mr. Borgen if the sale was one of equipment according to any one of the HTP Patent Applications. HTP would have had a duty to report to the USPTO any invalidating public sale in the course of prosecuting the applications, if the sale were invalidating. If not known during prosecution, the USPTO would expect the patent owner to institute a reissue proceeding, but Congress has reserved the finding of whether the sale with the USPTO and the Federal Courts. The statutory basis for patent reissue is found in 35 U.S.C. §§251 and 252.

13.  Thus, a counterclaim seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 256 is necessary to establish by declaration that the HTP defendants did not violate the duty of candor relative to

NOTICE OF REMOVAL - 6
(USDC Case No.     )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1  and to the HTP patent applications either as to inventorship or as to reporting the sale of

2  equipment embodying Hydrogen IP as none of the HTP patent applications seek to claim any

3  part of the Hydrogen IP.

## IV.  BASIS FOR REMOVAL

**A.      Removal Under § 1441 is Proper**

14.    Any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed to the district court for the district and division where such action is pending. 28 U.S.C. § 1441. District courts of the United States have original and exclusive jurisdiction "over any claim for relief arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a); *Gunn v. Minton*, 568 U.S. 251, 264 (2013).

15.    Even when a plaintiff pleads claims under state law, the claims arise under the original jurisdiction of federal courts if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

16.    The complaint alleges causes of action under state law. However, Karma's underlying claims actually implicate issues that arise under federal law, specifically 35 U.S.C. § 256 and 35 U.S.C. § 102(a)(1) and because of the resulting peril to the HTP Patent Applications, a justiciable controversy exist. Courts have routinely held that inventorship is a substantial issue within the exclusive jurisdiction of federal courts. "[I]ssues of inventorship . . . present sufficiently substantial questions of federal patent law to support jurisdiction under section 1338(a)." *Board of Regents v. Nippon Telephone and Telegraph Corp.*, 414 F.3d 1358, 1363 (Fed. Cir. 2005). And, there will be no disruption of the federal-state balance because

NOTICE OF REMOVAL - 7
(USDC Case No.     )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

federal courts have exclusive jurisdiction over such claims.

17. The issues of inventorship and duty of candor that could invalidate the HTP patent applications have been necessarily raised. Resolution of these issues are potentially dispositive of Karma's state causes of action.

**B.  Removal Under § 1446 is Proper**

18. 28 U.S. Code § 1454(a) states: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending." The appropriate court for construing claims and determining inventorship is the Federal District Court for the Western District of Washington at Seattle. The provision was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Investments, LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).

19. The matter is removable under 28 U.S.C. § 1454 because the HTP defendants filed a counterclaim for declaratory relief seeking declarations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 35 U.S.C. § 256 that (1) Mr. Johnson was properly named as an inventor of the HTP patent applications as that term is used under 35 U.S.C. §§ 111, 116 and Karma is not entitled to any correction of inventorship correction under 35 U.S.C. § 256, and (2) the HTP defendants did not violate the duty of candor relative to the sale of equipment according to the Hydrogen IP as prior art.

NOTICE OF REMOVAL - 8
(USDC Case No.     )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**C.     Supplemental Jurisdiction**

20.     To the extent that this Court finds that any of Karma's claims do not arise under federal law, supplemental jurisdiction is proper to remove Karma's remaining claims. Karma's causes of action—conversion, misappropriation of trade secrets, and unjust enrichment—form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a).

## V.     NOTICE OF REMOVAL IS TIMELY

**A.     The 30-Day Clock Started Ticking After Receipt of "Other Paper"**

21.     Typically, removal requires a defendant file a notice of removal within 30 days of receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if on its face, the initial pleading is not removable, then a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[T]he inquiry begins and ends within the four corners of the pleading. The inquiry is succinct: whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." *Rowe v. Marder*, 750 F. Supp. 718, 721 (W.D. Pa. 1990), *aff'd*, 935 F.2d 1282 (3d Cir. 1991). As such, the Ninth Circuit holds that "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690-691 (9th Cir. 2005), emphasis added. A defendant's subjective knowledge is not a test for notice. *Harris*, 425 F.3d at 695.

NOTICE OF REMOVAL - 9
(USDC Case No.      )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

22. It is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity. *Harris*, 425 F.3d at 693. Thus, "Section 1454 permits the Defendants to remove the action to federal court on the basis that either the Plaintiffs' claims or the Defendants' counterclaims "arise under" an Act of Congress related to patents. 28 U.S.C. § 1454." *Preston v. Nagel*, 166 F. Supp. 3d 92, 98 (D. Mass. 2016).

23. The complaint alleges causes of action under state law. Thus, on its face, the matter is not removable. However, on April 28, 2020, in a settlement offer, the Plaintiff implicitly asserted its right to the patents and patent applications and demanded they be assigned to the Plaintiff with a license back in exchange for royalties. (McGlothin Dec. ¶ 2). Because of this assertion of right, questions of inventorship and validity of the patents make up the same nucleus of operative facts, i.e. arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. FRCP 13(a). The claim for a declaration of validity and inventorship is compulsory and is appropriately timed from the settlement demand on April 28.

24. If the Court finds this removal untimely because the settlement demand does not constitute an "other paper" pursuant to the statute, the Court should nevertheless extend the time for removal.

25. By enacting § 1454, Congress sought to make removal of patent claims easier in order to ensure uniformity of patent law. It is not until Mr. McGlothin perceived that Karma sought an interest in the patent portfolio on April 28, that a patent claim would be implicit in the expression of the Complaint in the context of the patent portfolio. Every claim in a patent or application defines an invention, and each claim presents a question of inventorship and of

NOTICE OF REMOVAL - 10
(USDC Case No.    )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

1  validity. HTP's counterclaim is necessary because Karma alleges that the HTP Patent
2  Applications are based upon its trade secrets and that there was a sale of equipment based upon
3  those trade secrets more than a year before the filing of the HTP Patent Applications. But, in
4  order for this issue to be determined, the meaning of pending and issued patent claims must be
5  determined first. If the "Hydrogen IP" is distinct from the scope of properly construed claims,
6  then there are not questions of inventorship or of validity raised by the Complaint, but only on
7  that basis. Inventorship is a federal question. *E.g., Univ. of Colo. Found., Inc. v. Am. Cyanamid Co.*, 196 F.3d 1366, 1372 (Fed.Cir.1999). (See McGlothin Decl., at ¶2.)

      26.    The time limitations in § 1446(b) may be extended "at any time for cause shown." 28 U.S.C. § 1454(b)(2). Section 1454 does not define "cause shown," and there is sparse authority interpreting the provision. See *SnoWizard, Inc. v. Andrews*, No. 12-2796, 2013 WL 3728410, at *6 (E.D. La. July 12, 2013). But " '[c]ause shown cannot ... simply be that the removing party has asserted a patent claim and federal courts are the exclusive forums of such claims." *Univ. of Ky. Res. Found., Inc. v. Niadyne, Inc*., No. 13-16-GFVT, 2013 WL 5943921, at *10 (E.D. Ky. Nov. 5, 2013). In analyzing whether a removing party has shown cause, courts look to Federal Rule of Procedure 6(b)(1)(B). *See, e.g., Van Steenburg v. Hageman*, No. SA:14-CV-976-DAE, 2015 WL 1509940, at *6 (W.D. Tex. Mar. 31, 2015); *Andrews v. Daughtry*, 994 F. Supp. 2d 728, 734–35 (M.D.N.C. 2014).

      27.    Rule 6(b)(1)(B) permits a court to extend a deadline for good cause if the party seeking the extension failed to act because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). District courts have "broad discretion to grant or deny an extension." *Salts v. Eps*, 676 F.3d 468, 474 (5th Cir. 2012) (*quoting Wright & Miller, Fed. Prac. & Proc*. § 1165). Factors

NOTICE OF REMOVAL - 11
(USDC Case No.      )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

relevant to a determination of excusable neglect include: "(1) 'the possibility of prejudice to the other parties,' (2) 'the length of the applicant's delay and its impact on the proceeding,' (3) 'the reason for the delay and whether it was within the control of the movant,' and (4) 'whether the movant has acted in good faith.' " *Id.* (*quoting Wright & Miller, Fed. Prac. & Proc*. § 1165). All four factors as applied to the instant case militate for removal.

28. This standard is not a high bar to extend the deadline, but it does require at least some explanation for the removing party's delay. *See, e.g., Van Steenburg*, 2015 WL 1509940, at *6 (finding cause for twenty-day delay when counterclaimants did not register copyrighted images until after removal deadline).

29. The first factor weighs in favor of extending the time for removal; neither party can claim prejudice. The Plaintiff has no claim that it has been prejudiced. what other prejudice they suffered based on Defendants' two-month delay in filing a notice of removal or what prejudice they will suffer if the Court extends the time to remove. No deposition has yet occurred nor has there been significant discovery. Thus, the Court should not find that any prejudice would occur were time to remove extended.

30. This ties into the next factor: the length of the delay and its impact on the proceeding. This notice of remove functions to remove the case only one month after the 30-day deadline expired from the March 7 service of the Complaint herein. No substantive proceedings have been heard to date and the only issues presented have been relative to a proposed reassignment of the case to a different judge and some preliminary discovery issues.

31. Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial. This Court and other courts have

NOTICE OF REMOVAL - 12
(USDC Case No.      )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial. *See Smith v. EMC Corp.*, 393 F.3d 590, 594–96 (5th Cir. 2004) (affirming denial of leave to amend— finding the delay undue and prejudicial—because the amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"). No such prejudice has here occurred.

32. If the court does not find that the settlement demand is an "other paper" even the timing is less than one month past the expiration of the thirty-day clock, service being accomplished on March 7, 2020. The time is not excessive.

33. With respect to the third and fourth factors, these cannot be considered in a vacuum but rather that the time passed in the face of a pandemic that has triggered decrees by both the President of the United States and by the Governor of Washington which have negatively impacted review of the case. Further, there is nothing within the four corners of the Complaint which contained a removable claim." It was not until the Plaintiff communicated its belief in its entitlement to the patent portfolio, that the Defendants could ascertain from the face of a pleading.

34. This case is case is not like *Trubow v. Morisky,* No. 2:19-cv-01670-RAJ (WDWA March 26, 2020). Like all of those that implicate the Copyright Act, the expression of

NOTICE OF REMOVAL - 13
(USDC Case No.     )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

"ownership" of any tangible expression of an idea can only fall within the Copyright Act. Any complaint asserting ownership implies a copyright claim because the utterance of such is an expression, by itself, the either a dedication of that expression to the public or is owned by uttering person through an invocation of rights under the Copyright Act. Thus, no expression of ownership of a tangible expression of an idea can be formulated without reference to the Copyright Act. In the context of books, movies, software, and other tangible expressions of ideas, copyright is the only means to ownership.

35.     This case is distinct; whereas any statement of facts in a copyright case, when stated, contains an implicit reliance upon the Copyright Act, the Plaintiff's case could be completely expressed as a "trade secrets" case. It was not incomplete except in its expression of relevant facts. It is only in knowing the extra fact of the existence of the HTP's ownership above-set-forth patents and patent applications ("HTP Patent Applications") which makes patent law relevant. This fact of the HTP Patent Applications is never mentioned in the Complaint. The HTP Patent Applications, however, may be fatally affected by a state court pronouncement asserting the equivalence of Hydrogen IP and the subject matter of any patent application in the HTP Patent Applications.

36.     The facts set forth in the McGlothin declaration point out all the many issues that the COVID-19 pandemic has visited upon the efforts in this case. Communications have been delayed, and those delays have been entirely outside of the control of Defendants. Shelter in place orders and the decrees demanding nonessential workers remain away from law firms, insurance companies and relative to the individual defendants. There is no doubt that the defense legal team has moved as expeditiously as could be done in such an environment.

NOTICE OF REMOVAL - 14
(USDC Case No.      )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

Because these delays have been entirely outside of the power of the defendants, even, in fact Mr. McGlothin's emergency surgery (McGlothin Dec. ¶20). There can be no suggestion that these delays are "manufactured" or the fruit of malfeasance. The actions of the defense legal team have been suitably diligent in the face of such a pandemic.

37.  Returning, however, to the "other paper", the first time, though, that the Plaintiff has expressed any interest in the HTP Patent Applications has been on April 28. Thus, the patent issue was first ascertainable only upon receipt of the April 28 settlement demand. HTP's 30-day clock began ticking when it received this demand as this was the first "paper" from which it could be ascertained from the face of the document that removal [was] proper." 28 U.S.C. § 1446(b)(3); *Harris*, 425 F.3d at 690-691.

**B.    Good Cause Exists for Removal Under § 1454**

38.  Claims related to patents are removable to federal court: "A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents. . . . may be removed to the district court of the United States for the district and division embracing the place where the action." 28 U.S.C. § 1454(a) (emphasis added). Removal of an action under § 1454(a) "shall be made in accordance with section 1446, except that . . . the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(1)–(2).

39.  There is good cause to extend the 30-day limitation for removal under § 1454(b)(2). District courts that have considered the good cause language in the statute have applied authorities interpreting Federal Rule of Civil Procedure 6(b) allowing district courts to extend deadlines for good cause. *NematicITO, Inc. v. Spectrum Five LLC*, No. 16-CV-01859-

NOTICE OF REMOVAL - 15
(USDC Case No.    )

USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

RS, 2016 WL 3167181, at *4 (N.D. Cal. June 6, 2016). "'Good cause' is a non-rigorous standard," but it generally requires a showing that the "requested relief was reasonable, justified, and would not result in prejudice to any party." *Id*., citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010).

40. Given that the basis for removal was not within the four corners of the Complaint, the delay between the removal deadline of April 6, 2010 and removal on April 30, 2020, less than one month, is not substantial. See *Recif Res., LLC v. Juniper Capital Advisors, L.P.*, No. CV H-19-2953, 2019 WL 5457705, at *2 (S.D. Tex. Oct. 24, 2019) where a delay of 14 weeks was not substantial.

## VI. INTRADISTRICT ASSIGNMENT

41. Removal to the United States District Court for the Western District of Washington is proper under 28 U.S.C. § 1441 because the complaint was filed in the Superior Court of the State of Washington for King County, which is located within the jurisdiction of this District.

NOTICE OF REMOVAL - 16
(USDC Case No.     )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

DATED this 5th day of May, 2020.

/s/ Scott B. Henrie, WSBA #12673
/s/ Mark L. Lorbiecki, WSBA #16796
/s/ Theresa H. Rava, WSBA #53159
Scott B. Henrie, WSBA #12673
Mark L. Lorbiecki, WSBA #16796
Theresa H. Rava, WSBA #53159
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600   Fax: (206) 628-6611
Email: shenrie@williamskastner.com ;
mlorbiecki@williamskastner.com;
trava@williamskaster.com

***Attorneys for Defendants HTP, Inc.; Evan Johnson; and Phillip Jennings; and Henry Dean***

NOTICE OF REMOVAL - 17
(USDC Case No.     )

USDC Case No. 20-cv-677

7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on May 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with ECF in the manner indicated below:

| | |
|---|---|
| Andrew R. Escobar, WSBA #42793<br>Joseph Davison, WSBA #51264<br>DLA PIPER LLP (US)<br>701 Fifth Avenue, Suite 6900<br>Seattle, WA 98104-7044<br>Telephone: (206) 839-4800<br>E-mail: andrew.escobar@dlapiper.com ;<br>and joseph.davison@dlapiper.com<br><br>***Attorneys for Plaintiff Karma Power, LLC*** | Dennis J. McGlothin, WSBA No. 28177<br>Robert J. Cadranell, WSBA No. 41773<br>WESTERN WASHINGTON LAW GROUP, PLLC<br>7500 212th St. SW, Suite 207<br>Edmonds, WA 98026<br>Telephone: (425) 728-7296<br>Email: robert@westwalaw.com<br>dennis@westwalaw.com; and<br>docs@westwalaw.com<br><br>***Counsel for Defendants*** |

Kathleen A. Nelson, WSBA #22826
Laura Hawes Young, WSBA #39346
Jonathan Missen, WSBA #42689
Brian Rho, WSBA #51209
LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, WA 98101
Telephone: (206) 436-2020
E-mail: kathleen.nelson@lewisbrisbois.com;
laura.young@lewisbrisbois.com;
jonathan.missen@lewisbrisbois.com;
brian.rho@lewisbrisbois.com;
tami.foster@lewisbrisbois.com

***Counsel for Defendants***

DATED this 5th day of May, 2020.

/s/ Scott B. Henrie, WSBA #12673
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600   Fax: (206) 628-6611
Email: shenrie@williamskastner.com
***Attorneys for Defendants HTP, Inc.; Evan Johnson; and Phillip Jennings; and Henry Dean***

NOTICE OF REMOVAL - 18
(USDC Case No.     )
USDC Case No. 20-cv-677
7095203.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600