1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

17

KARMA POWER, LLC, a Delaware
corporation,

                Plaintiff,

                v.

HTP, INC., f/k/a HYTECH POWER, INC.
f/k/a DEEC, INC. a Washington Corporation;
EVAN JOHNSON, an individual; PHILLIP
JENNINGS, an individual; and HENRY
DEAN, an individual,

                Defendants.

Case No. C20-677RSM

ORDER GRANTING PLAINTIFF'S
MOTION FOR REMAND

18

19

20

21

22

      This matter comes before the Court on Plaintiff Karma Power, LLC ("Karma Power")'s Motion for Remand.  Dkt. #12.  Karma Power moves to remand to King County Superior Court arguing that Defendants' notice of removal was untimely under 28 U.S.C. § 1446.  *Id.*  Karma Power seeks fees and costs under 28 U.S.C. 1447(c).

23

24

25

26

27

28

      This case was originally filed in state court on March 6, 2020.  Dkt. #1-4.  The Complaint brings claims for conversion of intellectual property, conversion of technology and equipment, violation of a state statute on trade secrets, and for unjust enrichment.  On May 5, 2020, nearly two months later, Defendants removed to federal court pursuant to 28 U.S.C. §§ 1338, 1441, 1446 and 1454. Dkt. #1.  Defendants plead a federal issue in their counterclaims.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

Defendants argue that "removal is timely because Plaintiff's attack on Defendants' patents and patent applications only came to light through Plaintiff's letter dated April 28, 2020, and Defendant promptly filed a notice of removal seven days later, well within the time limit set forth in 28 U.S.C. § 1446(b)(3)." Dkt. #14 at 2.

The Court has reviewed the April 28, 2020, letter. First, Plaintiffs propose settlement to avoid the cost of litigation. Dkt. #13-3 at 2. Second, Plaintiffs discuss various agreements transferring the rights to intellectual property. *Id*. As Karma Power points out in briefing, the only explicit reference in the letter to patents is the statement: "Pursuant to the Associate Agreement, any patent, trademark, or product created during Mr. Johnson's involvement with Hybris AS would be registered to Hybris." *Id.* This statement is found almost verbatim in the Complaint. Dkt. #1-4 at 2. The letter discusses the history of Plaintiff's acquisition of the intellectual property. Finally, the letter discusses the weaknesses of a statute of limitations defense and other defenses to Plaintiff's conversion, trade secrets, and unjust enrichment claims. Dkt. #13-3 at 3.

Typically, there is a 30-day deadline to remove after a case is filed in state court and defendants are served. 28 U.S.C. § 1446. It is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). An order remanding the case may require payment of just

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 2

1

2

costs and any actual expenses, including attorney fees, incurred as a result of the removal.  28

U.S.C. § 1447(c).

3

4

5

6

7

8

9

10

11

12

13

14

Defendants base their late removal on a patent counterclaim and citation to 28 U.S.C. §

1454(a) ("[a] civil action in which any party asserts a claim for relief arising under any Act of

Congress relating to patents, plant variety protection, or copyrights may be removed to the

district court of the United States for the district and division embracing the place where the

action is pending.").  28 U.S.C. § 1454(b) provides that removal under Section 1454 shall be

made in accordance with Section 1446, except that removal may be made by any party and that

the 30-day time limit above may be extended for cause shown.  Pursuant to 28 U.S.C. 1446(b),

defendants are required to remove state-court actions to federal courts within thirty days of

receiving an initial pleading or "other paper from which it may first be ascertained that the case

is one which is or has become removable."

15

16

17

Defendants argue in the alternative that the deadline for removal should be extended for

cause shown, namely "excusable neglect."  *See* Dkt. #1 at 11.

18

19

20

21

22

23

24

25

26

27

Strictly construing the removal statute against removal jurisdiction, the Court finds that

the "other paper" cited to by Defendants includes almost the same tangential reference to patent

ownership as the initial complaint and that this cannot serve as a reset button for the 30-day

deadline for removal.  Other references to IP ownership in the April settlement letter are also

referenced in Plaintiff's March 19, 2020, "Motion to Reassign Case for Efficient

Administration of Justice."  *See* Dkt. #1-16.[1]  Of course, March 19 is still more than 30 days

prior to Defendants' removal.  Defendants have repeatedly been made aware of the nature of

this case more than 30 days prior to removal, and have failed to demonstrate excusable neglect

28

---

[1] Apparently, this case has significant factual overlap with another state court case currently pending before Judge Shaffer, Case No. 19-2-11400-2 SEA.  *See* Dkt. #1-16.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 3

or otherwise show good cause to extend the deadline under 28 U.S.C. § 1454(b).  Given all of the above, this case will be remanded.

Plaintiff requests costs and fees under 28 U.S.C. § 1447(c).  Dkt. #6 at 7.  Under 28 U.S.C. §1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The standard for awarding fees turns on the reasonableness of the removal.  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005). Courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacked an objectively reasonable basis for seeking removal.  *Id.*

Defendants had two paths to seek untimely removal under 28 U.S.C. § 1454(b)— demonstrating new information in the April letter or excusable neglect.  The Court finds that, considering the strengths of both paths, Defendants were leaning on at least some objectively reasonable but ultimately losing arguments.  This is not a case where an award of fees and costs is necessary.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1.      Plaintiff Karma Power's Motion to Remand (Dkt. #12) is GRANTED.

2.      Plaintiff is not entitled to fees and costs under 28 U.S.C. § 1447(c).

3.      This case is hereby REMANDED to King County Superior Court.

4.      This matter is now CLOSED.

DATED this 21st day of August, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE


ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 4